KIRBY AISNER & CURLEY LLP  *Hearing Date: November 9, 2023*
*Attorneys for the Debtor*  *Hearing Time: 10:00 a.m.*
700 Post Road, Suite 237  *Via Zoom for Government*
Scarsdale, New York 10583
Tel: (914) 401-9500
Erica R. Aisner, Esq.
eaisner@kacllp.com
Jessica M. Hill, Esq.
jhill@kacllp.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:

                                                  Chapter 11

140 WEST 121 LLC,                       Case No. 23-11301(DSJ)

                      Debtor.
----------------------------------------------------------X

## DEBTOR'S OPPOSITION TO SN SERVICING CORPORATION AS SERVICER FOR U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF LB-TIKI SERIES V TRUST'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY REGARDING REAL PROPERTY

**TO:    THE HONORABLE DAVID S. JONES
          UNITED STATES BANKRUPTCY JUDGE**

140 West 121 LLC, the above captioned debtor and debtor-in-possession (the "Debtor"), by its counsel, Kirby Aisner & Curley LLP, files this objection ("Objection") to the motion (the "Motion") [ECF No. 22] of SN Servicing Corporation as servicer for U.S. Bank Trust National Association, as Trustee of LB-Tiki Series V Trust ("SN Servicing") seeking an order, pursuant to 11 U.S.C. §362(d)(1) and (d)(2), vacating the automatic stay to permit SN Servicing to enforce its mortgage on the Debtor's Property (as defined below); granting reasonable attorney fees and costs; and for such other and further relief as is just and proper. In support of its Objection, the Debtor respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1. The Debtor stands ready, willing and able to make monthly adequate protection payments. To that end, the Debtor has filed a Motion Requesting Use of Cash Collateral Pursuant to 11 U.S.C. §363(c)(2) and Bankruptcy Rule 4001 and Providing Adequate Protection Therefor Pursuant to 11 U.S.C. §§361 and 362 (the "Cash Collateral Motion") [ECF No. 23]. The Cash Collateral Motion provides for both: (i) replacement liens, in the same nature, extent and validity of SN Servicing's pre-petition liens; and (ii) monthly adequate protection payments of $17,343 per month (*See*, Cash Collateral Motion, Exhibit D).

2. The Debtor is also in the process of engaging special counsel who can assist with the conversion of the Property (defined below) to a condominium which will increase the value of the Property and provide funding to significantly reduce the secured debt thereon.

3. Based upon the foregoing and for the reasons set forth below, SN Servicing has not, and cannot, satisfy its burden, by a preponderance of evidence, that "cause" exists to modify the automatic stay. *See In re Kent Terminal Corp.,* 166 B.R. 555, 561 (Bankr. S.D.N.Y. 1994).

4. As such, the Motion should be denied in its entirety.

**BACKGROUND**

5. On August 14, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Case").

6. The Debtor is currently in possession of its assets and management of its affairs as debtor in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. No trustee, examiner or official committee has been appointed heretofore.

7. The Debtor is the owner of certain real property located at 140 West 121st Street, New York, New York 10027 (the "Property"), which is a 2-unit residential townhouse. The ground

level unit has one bedroom and one bathroom and access to a rear garden, which the Debtor rents out year-round as a short term furnished rental. The second unit, which is occupied by the Debtor's sole member and her minor daughter, is a triplex with four bedrooms, a home office and three and a half bathrooms. One of the bedrooms and one bathroom in the triplex is also rented out as a short-term furnished rental. Based upon an appraisal dated December 15, 2022, the Property is valued at $3,800,000.

8. The Property is subject to two mortgages: (i) a senior mortgage held by SN Servicing in the amount of $3,746,022.80[1]; and (ii) a subordinate mortgage held by Navigator Business Services LLC in the amount of $517,878.40.

9. The Debtor has identified a potential buyer for the ground-floor unit at the Property (the "Garden Unit"), which the Debtor intends to accomplish by and through a conversion of the Property to a Condominium. This will not only increase the value of the Property but enable the Debtor to monetize a portion of it in order to fund a paydown towards the secured debt on the Property. With this paydown, together with an infusion of the Debtor's principal's own funds, the Debtor is confident that it will be able to restructure the debt on the Property, repay its creditors in full and retain ownership and control (less the sale of the Garden Unit) thereof.

10. In connection with the foregoing, the Debtor has sought out special condominium counsel, Feldman & Associates, PLLC, and anticipates that a Motion to Approve their retention will be filed with the Court shortly. Based upon an appraisal dated December 15, 2022, the hypothetical Garden Unit is valued at $1,100,000 and the value of the property that would remain with the Debtor would be $2,700,000.

---

[1] *See,* Proof of Claim No. 1 filed by SN Servicing on October 23, 2023. The Debtor reserves all of its rights to object to the Proof of Claim once it has had a chance to review the same and determine if the amounts alleged are correct.

11. In the meantime, the Debtor will continue to offer short-term furnished rentals in the Property rental income will provide cash flow which, together with contributions from the Debtor's principal who resides at the Property, will fund the Debtor's carrying costs, including but not limited to monthly adequate protection payments to SN Servicing during the pendency of this Chapter 11 case.

## ARGUMENT

I. **Relief From the Stay Should be Denied**

    A. **Sufficient "Cause" Does Not Exist to Modify the Automatic Stay**

12. SN Servicing's request for stay relief should be denied because the Debtor intends to pay adequate protection payments to SN Servicing.

13. Section 362(d)(1) of the Bankruptcy Code provides that "the court shall grant relief from the stay … for cause, including lack of adequate protection." 11 U.S.C. §362(d)(1). What constitutes "cause" to lift the stay under section 362 varies, is case specific and should be determined based on a "totality of the circumstances analysis." *In re Project Orange Associates, LCC,* 432 B.R. 89, 113 (Bankr. S.D.N.Y. 2010) (*citing In re 234-6 West 22nd St. Corp.,* 214 B.R. 751, 757 (Bankr. S.D.N.Y. 1997)).

14. It is well recognized that courts rely on the "*Sonnax* Factors" in determining whether relief from the automatic stay is appropriate. *In re Sonnax Indust.*, 907 F.2d 1280 (2d Cir. 1990).

15. Here, the applicable "*Sonnax* Factors" weigh heavily in favor of the Debtor and the continued enforcement of the automatic stay.

    a. ***Whether relief would result in a partial or complete resolution of the issues*** – No. SN Servicing is **not** the only creditor of the Debtor. In total, the outstanding claims against the Debtor (excluding the claim of SN Servicing) total approximately $825,540.78. The continuation of a foreclosure action, and subsequent auction, is

4

      unlikely to produce sufficient proceeds to satisfy these claims, as the Debtor intends to do in this case, and it will certainly result in delays in payment to creditors (if any).

b. ***Lack of any connection with or interference with the bankruptcy case*** – No. The Property is necessary for the Debtor to execute and fund its Chapter 11 plan, as the Property *is* the Debtor's only asset.

c. ***Whether the action primarily involves third parties*** – The foreclosure is an action against the Debtor and by its nature, is focused primarily on recovery from the Property.

d. ***Whether litigation in another forum would prejudice interests of other creditors*** – Yes, allowing the Foreclosure may result in the appointment of a receiver who will place tenants into the Garden Unit, making the process to convert the Property to a condominium much more complex and potentially impossible. Furthermore, as discussed above, allowing a foreclosure to proceed will only result in additional payment delays to all creditors of the Debtor's estate, including SN Servicing.

e. ***The interests of judicial economy and the expeditious and economical resolution of litigation*** – Confirmation of a Chapter 11 plan is the most expeditious and economical resolution to the litigation and payment of SN Servicing's debt.

f. ***Whether the parties are ready for trial in the other proceeding*** – Although a Judgment of Foreclosure and Sale was entered in the foreclosure action on October 14, 2022, SN Servicing would still need to go back to the State Court to schedule a new auction date, which could take several months or more.

g. ***Impact of stay on the parties and the balance of harms*** -- <u>All parties</u> (including SN Servicing) are best served by staying the foreclosure and allowing the Debtor to convert to a condominium and then sell the Garden Unit. SN Servicing will not be harmed during this period because it will receive adequate protection payments, and upon the sale of the Garden Unit, will be paid a substantial portion of its debt, and the Debtor will be able to confirm a chapter 11 plan that will provide for payments to all of the other creditors of the Debtor's estate.

16.    Section 362(d)(2) of the Bankruptcy Code which provides that "the court shall grant relief from the stay… if, (a) the debtor does not have an equity in such property; <u>and</u> (b) such property is not necessary to an effective reorganization." 11 U.S.C. §362(d)(2). (<u>emphasis added</u>)

17.    As the Debtor is seeking permission from this Court to remit monthly adequate protection payments, "cause" does not exist to grant relief from the stay, as the proposed adequate

5

protection payments will ensure that SN Servicing will not suffer harm, nor will the small equity cushion above its lien be eroded.

18. In addition, the Property is essential to the Debtor's reorganization. The Debtor receives rental income from the Property and plans to sell the Garden Unit of the Property, both of which are essential to the Debtor's operations, and the funding of a chapter 11 plan.

19. As the hypothetical Garden Unit is valued at $1,100,000, the sale of which will generate a substantial amount to be paid towards the Debtor's estate, and paydown of the mortgages against the Property. This, together with the Debtor's principal's contribution of her own funds, will allow for a successful restructuring of the secured debts against the Property, and payment in full of the unsecured debts.

## CONCLUSION

20. The Debtor deserves the opportunity to reorganize and pay its debts. That is the fundamental purpose behind a Chapter 11 bankruptcy proceeding. The relief sought in SN Servicing's Motion will not benefit the Debtor's estate or creditors as a whole, only SN Servicing. The Bankruptcy Court is a Court of equity and for the reasons set forth herein, the Debtor respectfully requests that this Court protect its most valuable asset from foreclosure, deny the Motion in its entirety, and allow the Debtor to proceed towards a successful reorganization, which is in the best interests of the Debtor's estate and creditors.

Dated: Scarsdale, New York  
      November 1, 2023

Respectfully submitted,

KIRBY AISNER & CURLEY LLP  
*Attorneys for the Debtor*

/s/ Jessica M. Hill  
Jessica M. Hill, Esq.  
Erica R. Aisner, Esq.  
700 Post Road, Suite 237  
Scarsdale, New York 10583  
Tel: (914) 401-9500