# Exhibit "B"

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY

PRESENT: HON. FRANCIS A. KAHN, III   PART   32
                                          Justice
-----------------------------------------------------------------X
                                              INDEX NO.          850171/2021
WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN
ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER   MOTION DATE
TRUSTEE FOR VERUS SECURITIZATION TRUST 2020-
NPL,                                          MOTION SEQ. NO.    004

                              Plaintiff,

                    - v -

140 WEST 121, LLC, NAVIGATOR BUSINESS SERVICES,
LLC, INVICTUS RESIDENTIAL POOLER L.P., NOT IN ITS   **JUDGMENT OF FORECLOSURE**
INDIVIDUAL CAPACITY BUT SOLELY AS                   **AND SALE and DECISION +**
ADMINISTRATOR FOR INVICTUS RESIDENTIAL              **ORDER ON MOTION**
POOLER, LP, NOT IN ITS INDIVIDUAL CAPACITY BUT
SOLELY AS ADMINISTRATOR FOR INVICTUS
RESIDENTIAL POOLER TRUST 1A/2A, BEATRICE
SIBBLIES, ENRIQUE CRUZ

                              Defendant.
-----------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 004) 67, 68, 69, 70, 71,
72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85
were read on this motion to/for      JUDGMENT - FORECLOSURE & SALE      .

Upon the foregoing documents, Plaintiff's motion for a judgment of foreclosure and sale is granted without opposition. Accordingly, it is

ORDERED and ADJUDGED that the motion for a judgment of foreclosure and sale and to confirm the referee's report is granted; and it is further

ORDERED that the caption shall read as follows:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT
IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS
OWNER TRUSTEE FOR VERUS SECURITIZATION
TRUST 2020-NPL,                                    Index No. 850171/2021

                              Plaintiff,
                    -against-

140 WEST 121, LLC, NAVIGATOR BUSINESS SERVICES,

850171/2021 WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL   Page 1 of 6
CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR VERUS SECURITIZATION TRUST 2020-
NPL vs. 140 WEST 121, LLC ET AL
Motion No. 004

1 of 11

FILED: NEW YORK COUNTY CLERK 10/24/2022 03:04 PM
NYSCEF DOC. NO. 104
23-11301-dsj  Doc 28  Filed 11/08/23  Entered 11/08/23 15:12:11  Main Document
Pg 3 of 12
INDEX NO. 850171/2021
RECEIVED NYSCEF: 10/24/2022

LLC, INVICTUS RESIDENTIAL POOLER L.P., NOT IN ITS
INDIVIDUAL CAPACITY BUT SOLELY AS ADMINISTRATOR
FOR INVICTUS RESIDENTIAL POOLER, LP, NOT IN ITS
INDIVIDUAL CAPACITY BUT SOLELY AS ADMINISTRATOR
FOR INVICTUS RESIDENTIAL POOLER TRUST 1A/2A,
BEATRICE SIBBLIES, ENRIQUE CRUZ

21 850171

Defendants.
-----------------------------------------------------------------X

and it is further

ORDERED that the mortgaged property described in the complaint and as described in this judgment, or such part thereof as may be sufficient to discharge the mortgage debt, the expense of sale and the costs of this action as provided in the RPAPL be sold within 1 year of this judgment, in one parcel, at a public auction at the New York County Courthouse located at 60 Centre Street, New York, New York under the direction of **Roberta Ashkin, Esq.**, who is appointed Referee for this purpose; and it is further

ORDERED that **PRIOR** to scheduling publication, Plaintiff shall contact the auction part clerk at **sfc-foreclosures@nycourts.gov** and obtain consent to place the matter on the auction calendar and, thereafter, Plaintiff shall upload the notice of sale to NYSCEF at least 21 days before the sale and serve it on the Referee. IF THE AUCTION IS NOT ON THE CALENDAR, then *the auction will not go forward*; and it is further

ORDERED that the sale shall be conducted in accordance with the annexed New York County Auction Part Rules for Outdoor Auctions.

ORDERED that after receiving permission from the Auction Part Clerk, the Referee shall give public notice of the time and place of sale in accordance with RPAPL 231(2) in the **Chelsea-Clinton News**; and the referee need not conduct the sale unless plaintiff shall provide the referee with proof of publication of the notice of sale, and if the sale is adjourned due to plaintiff's failure to provide such proof, then said adjournment shall not be considered at the referee's request; and it is further

ORDERED that by accepting this appointment the Referee certifies that she/he is in compliance with Part 36 of the Rules of the Chief Judge (22 NYCRR Part 36), including, but not limited to §36.2 (c) ("Disqualifications from appointment"), and §36.2 (d) ("Limitations on appointments based upon compensation"), and, if the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referee shall immediately notify the Appointing Judge; and it is further

ORDERED that the Referee is prohibited from receiving any funds without compliance with Part 36 of the Rules of the Chief Administrative Judge; and it is further

ORDERED that the Referee shall conduct the foreclosure sale only if Plaintiff, its successors and/or assignees or its representatives is present at the sale or the Referee has received a written bid and Terms of Sale from Plaintiff, its successors and/or assigns, or its representatives; and it is further

850171/2021 WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR VERUS SECURITIZATION TRUST 2020-NPL vs. 140 WEST 121, LLC ET AL
Motion No. 004

Page 2 of 6

2 of 11

FILED: NEW YORK COUNTY CLERK 10/24/2022 03:04 PM
NYSCEF DOC. NO. 104
INDEX NO. 850171/2021
RECEIVED NYSCEF: 10/24/2022

23-11301-dsj    Doc 28    Filed 11/08/23    Entered 11/08/23 15:12:11    Main Document
Pg 4 of 12

21 850171

ORDERED that if the Referee cannot conduct the sale within 1 year of the date of this judgment, plaintiff must make a motion to extend the time to sell the subject property explaining the reasons for the delay; and it is further

ORDERED that at the time of sale the Referee may accept a written bid from the Plaintiff or the Plaintiff's attorney, just as though Plaintiff were physically present to submit said bid; and it is further

ORDERED that the Referee shall accept the highest bid offered by a bidder who shall be identified upon the court record, and shall require that the successful bidder immediately execute Terms of Sale for the purchase of the property, and pay to the Referee in cash, certified check or bank check, ten percent (10%) of the sum bid, unless the successful bidder is Plaintiff, in which case no deposit against the purchase process shall be required and it is further

ORDERED that notwithstanding the previous paragraph, the Referee shall have the right to refuse cash payments and require a bank or certified check from the successful bidder and the Referee shall be entitled to qualify bidders and require bidders to show proof of funds before or during the auction; and it is further

ORDERED that in the event the first successful bidder fails to execute the Terms of Sale or fails to immediately pay the ten percent (10%) deposit as required, the property shall be immediately reoffered at auction on the same day; and it is further

ORDERED the Referee shall deposit the down payment and proceeds of sale, as necessary in an FDIC-insured bank where the Referee has an account for that purpose in accordance with CPLR 2609; and it is further

ORDERED that after the balance of the purchase price is paid or credited and the property is sold, the Referee shall execute a deed to the purchaser in accordance with RPAPL 1353 and the terms of sale (which shall be deemed a binding contract); and it is further

ORDERED that in the event a party other than Plaintiff becomes the purchaser at the sale, the closing of title shall be held no later than 30 days after the date of such sale; and it is further

ORDERED that, pursuant to RPAPL 1353(1), if Plaintiff (or its affiliate as defined in paragraph [a] of subdivision one of section six-l of the banking law) is the purchaser, the property shall be placed back on the market for sale or other occupancy within 180 days of the execution of the deed of sale or within 90 days of construction, renovation, or rehabilitation of the property, provided that such construction, renovation or rehabilitation proceeded diligently to completion, whichever comes first, provided that this court grants an extension upon a showing of good cause; and it is further

ORDERED that the Referee, after receiving the proceeds of the sale, shall pay (from the proceeds) the taxes, assessments, sewer rents, or water rates, which are, or may become, liens on the property in accordance with their priority according to law with such interest or penalties which may have lawfully accrued thereon to the date of payment; and it is further

850171/2021 WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL
CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR VERUS SECURITIZATION TRUST 2020-
NPL vs. 140 WEST 121, LLC ET AL
Motion No. 004

Page 3 of 6

3 of 11

FILED: NEW YORK COUNTY CLERK 10/24/2022 03:04 PM
NYSCEF DOC. NO. 104
23-11301-dsj    Doc 28    Filed 11/08/23    Entered 11/08/23 15:12:11    Main Document
Pg 5 of 12
INDEX NO. 850171/2021
RECEIVED NYSCEF: 10/24/2022
21 850171

ORDERED that the Referee shall deposit the balance of the proceeds from the sale in his or her own name as Referee in an FDIC-insured bank where the Referee has an account for that purpose and shall make the following payments in accordance with RPAPL 1354:

1. The Referee's fees for conducting the sale, which are $1,100.00. Plaintiff shall also compensate the Referee in the sum of $350 for each adjournment or cancellation made on less than two business days' notice unless the Referee caused the delay.

2. All taxes, assessments and water rates that are liens upon the property and monies necessary to redeem the property from any sales for unpaid taxes, assessments or water rates and any other amounts due in accordance with RPAPL 1354(2). The purchaser shall be responsible for interest and penalties accrued *after* the sale. The Referee shall not be responsible for the payment of penalties or fees pursuant to this appointment. The purchaser shall hold the Referee harmless from any such penalties or fees assessed.

3. The expenses of the sale and the advertising expenses as shown on the bills presented and certified by the Referee to be correct, copies of which shall be annexed to the report of sale.

4. The Referee shall also pay to the Plaintiff or its attorneys the following:

    a. Amount Due from the Referee's Report: $3,284,829.76, together with interest at note rate from October 16, 2021 until entry of judgment, together with any advances as provided for in the note and mortgage which Plaintiff had made for taxes, insurance, principal, and interest and any other charges due to prior mortgages or to maintain the property pending consummation of the foreclosure sale, not included in the computation upon presentation of receipts for said expenditures to the Referee, and then with interest from the date of entry of this judgment at the statutory rate until the date the deed is transferred.

    b. Costs and Disbursements: __**$1545.00**__ (to be filled in by the Clerk) **X** to Plaintiff for costs and disbursements in this action with interest at the statutory judgment rate from the date of entry of this judgment.

    c. The Court declines to award additional allowance.

    d. Attorney's fees: $5,200.00

5. Surplus monies from the sale shall be paid into Court by the Referee within five days after receipt in accordance with RPAPL 1354(4); and it is further

ORDERED that if Plaintiff is the purchaser of the property, or in the event that the rights of the purchasers at the sale and the terms of sale under this judgment shall be assigned to or be acquired by Plaintiff, and a valid assignment is filed with the Referee, the Referee shall not require Plaintiff to pay in cash the entire amount bid at sale, but shall execute and deliver to Plaintiff or its assignee, a deed or deeds of the property sold upon the payment to said Referee of the amounts specified as 1, 2, and 3 above, and the Referee shall allow Plaintiff to pay the amounts specified in 2 and 3 above when it is recording the deed; that the balance of the bid, after deducting the amounts paid by Plaintiff, shall be

850171/2021 WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR VERUS SECURITIZATION TRUST 2020-NPL vs. 140 WEST 121, LLC ET AL
Motion No. 004

Page 4 of 6

4 of 11

FILED: NEW YORK COUNTY CLERK 10/24/2022 03:04 PM
NYSCEF DOC. NO. 104
INDEX NO. 850171/2021
RECEIVED NYSCEF: 10/24/2022

23-11301-dsj    Doc 28    Filed 11/08/23    Entered 11/08/23 15:12:11    Main Document
Pg 6 of 12

21 850171

applied to the amount due to Plaintiff as specified in 4 above; that Plaintiff shall pay any surplus after applying the balance of the bid to the Referee, who shall deposit it in accordance with 5 above; and it is further

ORDERED that all expenses of recording the Referee's deed, including real property transfer taxes, which is not a lien upon the property at the time of sale, shall be paid by the plaintiff from the sale proceeds; and it is further

ORDERED that Plaintiff may seek to recover a deficiency judgment in accordance with RPAPL 1371 if applicable, and it is further

ORDERED that if the property is sold in one parcel in "as is" physical order and condition, subject to any condition that an inspection of the property would disclose; any facts that an accurate survey of the property would show; any covenants, restrictions, declarations, reservations, easements, right of way, and public utility agreements of record, if any; any building and zoning ordinances of the municipality in which the mortgaged property is located and possible violations of same; any rights of tenants or persons in possession of the subject property; prior liens of record, if any, except those liens addressed in RPAPL 1354, any equity of redemption of the United States of America to redeem the property within 120 days from the date of sale, any rights pursuant to CPLR 317, 2003 and 5015 or any appeal of the underlying action or additional litigation brought by any defendant or its successor or assignee contesting the validity of this foreclosure; and it is further

ORDERED that the purchaser be let into possession of the property upon production in hand of the Referee's Deed or upon personal service of the Referee's deed in accordance with CPLR 308; and it is further

ORDERED that Defendants in this action and persons claiming through them and any person possessing a junior interest in the property after the Notice of Pendency was filed are barred and foreclosed of all right, claim, lien, title, and interest in the property after the sale of the mortgaged property; and it is further

ORDERED that within **14 days** after completing the sale and executing the proper conveyance to the purchaser, the Referee shall file with the clerk a report under oath of the disposition of the proceeds of the sale and upload the report to NYSCEF if it is an e-filed case; and it is further

ORDERED that if the purchaser or purchasers at said sale default upon the bid or terms of sale, the Referee may place the property for resale without prior application to this Court unless Plaintiff's attorney elects to make such an application; and it is further

ORDERED that Plaintiff shall serve a copy of this judgment with notice of entry upon the owner of the equity of redemption, any tenants named in this action, and any other parties entitled to service, including the Referee appointed herein; and it is further

ORDERED that nothing herein shall be deemed to relieve Plaintiff of any obligation imposed by RPAPL 1307 or 1308 to secure and maintain the property until ownership of the property has been transferred and the deed duly recorded; and it is further

850171/2021  WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS  INDIVIDUAL
CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR VERUS SECURITIZATION TRUST 2020-
NPL vs. 140 WEST 121, LLC ET AL
Motion No. 004

Page 5 of 6

5 of 11

FILED: NEW YORK COUNTY CLERK 10/24/2022 03:04 PM
NYSCEF DOC. NO. 104
23-11301-dsj   Doc 28   Filed 11/08/23   Entered 11/08/23 15:12:11   Main Document
Pg 7 of 12
INDEX NO. 850171/2021
RECEIVED NYSCEF: 10/24/2022
21 850171

ORDERED that when the Referee files a report of sale, she or he shall also file a Foreclosure Action Surplus Monies Form and also upload this document to NYSCEF if an e-filed case; and it is further

ORDERED that, without further order of the Court, the referee shall be entitled to an additional fee of $950.00 for conducting and attending a closing with a purchaser other than plaintiff, plus, if such a closing is scheduled for the referee's conference room, then the referee shall be entitled to a reasonable fee for use thereof, without further order of the Court; and it is further identified:

A description of the premises is annexed hereto as schedule A.

| 10/14/2022 DATE | | | | | *signature* FRANCIS KAHN, III A.J.S.C. HON. FRANCIS A. KAHN III J.S.C. |
|---|---|---|---|---|---|
| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION |
| | X | GRANTED | | DENIED | GRANTED IN PART / OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | X FIDUCIARY APPOINTMENT / REFERENCE |

*signature: Milton Adair Tingling*

24 th     Oct.     2022

**FILED**
Oct 24 2022
NEW YORK
COUNTY CLERK'S OFFICE

850171/2021  WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR VERUS SECURITIZATION TRUST 2020-NPL vs. 140 WEST 121, LLC ET AL
Motion No. 004

Page 6 of 6

6 of 11

FILED: NEW YORK COUNTY CLERK 10/24/2022 03:04 PM
INDEX NO. 850171/2021
NYSCEF DOC. NO. 28
RECEIVED NYSCEF: 10/24/2022

23-11301-dsj    Doc 28    Filed 11/08/23    Entered 11/08/23 15:12:11    Main Document
Pg 8 of 12

FILED: NEW YORK COUNTY CLERK 06/23/2021 03:09 PM
INDEX NO. 850171/2021
NYSCEF DOC. NO. 6
RECEIVED NYSCEF: 06/23/2021
Untitled Document
https://a836-acris.nyc.gov/DS/DocumentSearch/DocumentImageView?sea...

21 850171

### EXHIBIT B- LEGAL DESCRIPTION

Title Number 20170086

ALL that certain plot, piece or parcel of land situate, lying, and being in the Borough of Manhattan, County, City and State of New York bounded and described as follows:

BEGINNING at a point on the Southerly side of 121st Street, distant 440 feet Westerly from the corner formed by the intersection of the Southerly side of 121st Street with the Westerly side of Lenox Avenue (formerly 6th Avenue);

THENCE Southerly parallel with Lenox Avenue and part of the distance through a party wall 100 feet 11 inches to center line of the block;

THENCE Westerly along the center line of the block 20 feet;

THENCE Northerly parallel with Lenox Avenue and part of the distance through a party wall 100 feet 11 inches to the Southerly side of 121st Street;

THENCE Easterly along the Southerly side of 121st Street 20 feet to the point or place of BEGINNING.

FILED: NEW YORK COUNTY CLERK 10/24/2022 03:04 PM
NYSCEF DOC. NO. 101
INDEX NO. 850171/2021
RECEIVED NYSCEF: 10/24/2022

Case 1:23-11301-JPM Doc 28 Filed 11/08/23 Entered 11/08/23 15:12:11 Main Document Pg 9 of 12

Supreme Court, New York County Auction Part Rules for Outdoor Auctions

**An auction will not go forward if it is not on the Auction Calendar**

1. Prior to scheduling publication, the plaintiff and referee shall contact the Auction Part clerk at SFC-Forclosures@nycourts.gov to place the auction on the auction calendar.

2. The Referee and all interested parties must be present on the scheduled auction date at 2:15 p.m. on the portico at 60 Centre Street.

3. The Terms of Sale must be posted on the portico before the auction begins. The Referee shall afford prospective bidders time to review the Terms of Sale.

4. At his or her discretion, the Referee *may* choose not to accept cash.

5. A successful bidder must have in his/her possession at the time of the bid the full 10% of the sum bid, in cash (if accepted at the referee's discretion) or certified or bank check to be made payable to the Referee.

6. All persons wishing to bid on properties must register with the Referee and provide proof of identification.

7. Bidders will be required to stand and state their names at the time the bid is made.

8. Bidders are permitted to use cell phones to communicate with business partners via text messages only. Phone calls and video calls (such as FaceTime, Skype or Teams) are not permitted.

9. No sale will be deemed final until the full 10% deposit has been paid to the Referee and the Terms of Sale have been signed; this must be done immediately following the auction.

10. If a successful bidder fails to immediately pay the deposit and sign the Terms of Sale, the property will be promptly re-auctioned the same afternoon.

11. Bidders are cautioned that the failure to furnish the 10% deposit or sign the Terms of Sale after winning an auction may result in the loss of future bidding privileges. The Court reserves the right to impose penalties for inappropriate behavior or other misconduct as it sees fit.

12. Within 10 days of the auction the Referee shall report to the auction clerk via email (SFC-Forclosures@nycourts.gov) the amount of the successful bid (the purchase price) and the name and address of the successful bidder.

13. Within 10 days of the auction the Referee shall report to the auction clerk via email (SFC-Forclosures@nycourts.gov) the sale price, the amount awarded in the judgment of foreclosure and sale and the upset price. The clerk shall record and enter this information in the court's computer system.

14. The Referee conducting the sale shall complete a Surplus Monies Form immediately following the sale. All information must be completed; if there is no surplus, then that must also be indicated.

15. Within 10 days of the auction, the Referee shall deliver the signed Surplus Monies Form to the auction clerk via email (SFC-Forclosures@nycourts.gov). The auction clerk shall upload the form to NYSCEF (if an e-filed case) or provide it to the County Clerk (if a paper case).

16. All bidders must wear a face mask/shield at all times and social distancing must be observed by all bidders at all times. Bidders who do not comply with the face mask and/or the social distancing mandate will be removed from the auction.

17. A copy of these rules will be appended to all Judgments of Foreclosure and Sale.

21 850171

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------x

WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS                Index No.: 850171/2021
INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE
FOR VERUS SECURITIZATION TRUST 2020-NPL
                        Plaintiff(s),

                -against-

                                                                 COSTS OF PLAINTIFF
140 WEST 121, LLC                                                MORTGAGED PROPERTY:
NAVIGATOR BUSINESS SERVICES, LLC                                 140 WEST 121ST STREET
INVICTUS RESIDENTIAL POOLER L.P., NOT IN ITS                     NEW YORK, NY 10027
INDIVIDUAL CAPACITY BUT SOLELY AS ADMINISTRATOR
FOR INVICTUS RESIDENTIAL POOLER TRUST 1A/2A                      ~~COUNTY: NEW YORK~~
BEATRICE SIBBLIES                                                ~~OBL #: 1905, 51~~
ENRIQUE CRUZ
                        Defendant(s).
-----------------------------------------x

## COSTS

| | |
|---|---|
| Costs before Note of Issue – CPLR 8201(1)................. | $200.00 |
| Allowance by statute – CPLR 8302(a)(b)................. | $ |
| First $200.00 at 10%.....................................$20.00 | |
| Next $800.00 at 5%......................................$40.00 | |
| Next $2000.00 at 2%.....................................$40.00 | |
| Next $5000.00 at 1%.....................................$50.00 | |
| | $150.00 |
| Additional allowance – CPLR 8302(d)....................... | $ 50.00 |
| Discretionary costs on motion – CPLR 8303(a)(I).......... | $_____ |

**Stamp:** OCTOBER 24 2022 / I HEREBY CERTIFY THAT I HAVE ADJUSTED THIS BILL OF COSTS AT $1545.00 / [signature] CLERK

### FEES AND DISBURSEMENTS

| | | |
|---|---|---|
| Fee for index number - ..............................................CPLR 8018(a) | $ | 400.00 |
| Referee's fee to compute, per order of the court - ...............CPLR 8003(a) | $ | 350.00 |
| Paid for searches ....................................................CPLR 8301(a)(10) | $ | **$210.00** ~~$_____~~ |
| Serving copy of Summons and Complaint - .................... CPLR 8301(d) | $ | ~~$1,145.49~~ |
| Reproduction costs - .................................................CPLR 8301(a)(6) | $ | _____ |
| Fees for publication of Summons - ..............................CPLR 8301(a)(3) | $ | _____ |
| Certified copies of papers - ........................................CPLR 8301(a)(4) | $ | _____ |
| Request for judicial intervention - ................................CPLR 8020(a) | $ | 95.00 |
| Clerk's fee for filing of Notice of Pendency - .................CPLR 8021(a)(10) | $ | _____ |
| Skip trace fees - .......................................................CPLR 8301(d) | $ | _____ |
| Motion fees - ............................................................CPLR 8020(a) | $ | 90.00 |
| Note of Issue - .........................................................CPLR 8020(a) | $ | _____ |
| Total........................ | **$1545.00** | ~~$2,478.49~~ |

FILED: NEW YORK COUNTY CLERK 10/24/2022 03:04 PM
NYSCEF DOC. NO. 104
INDEX NO. 850171/2021
RECEIVED NYSCEF: 10/24/2022

23-11301-dsj    Doc 28    Filed 11/08/23    Entered 11/08/23 15:12:11    Main Document
Pg 11 of 12

21 850171

## ATTORNEY'S AFFIRMATION

The undersigned, Kathleen A. Casey, Esq., pursuant to CPLR 2106 and under penalties of perjury affirms as follows:

That she is the attorney of record for the Plaintiff in the above-captioned action, that the foregoing disbursements have been incurred in this action and are reasonable in amount, and that the copies of documents or papers charged for herein were actually and necessarily obtained.

**DATED:** September 9, 2022
Syosset, New York

        Yours, etc.
        ROACH & LIN, P.C.

        BY: Kathleen A. Casey, Esq.
        Attorneys for Plaintiff
        6851 Jericho Turnpike, Suite 185
        Syosset, New York 11791
        (516) 938-3100

FILED: NEW YORK COUNTY CLERK 10/24/2022 03:04 PM
NYSCEF DOC. NO. 104

23-11301-dsj    Doc 28    Filed 11/08/23    Entered 11/08/23 15:12:11    Main Document
Pg 12 of 12

INDEX NO. 850171/2021
RECEIVED NYSCEF: 10/24/2022

21 850171

Index No.: 850171/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR VERUS SECURITIZATION TRUST 2020-NPL,

                                                                  Plaintiff,

—against—

140 WEST 121, LLC, ET AL,

                                                                Defendants.

---

~~COSTS OF PLAINTIFF~~    **JUDGMENT WITH BILL OF COSTS**

---

ROACH & LIN, P.C.
*Attorneys for Plaintiff*
*Office and Post Office Address, Telephone*
6851 JERICHO TURNPIKE, SUITE 185
SYOSSET, NY 11791
TEL: (516) 938-3100, FAX: (516) 931-4403

---

FILED
OCT 24 2022
AT 02:56 P M
N.Y. CO. CLK'S OFFICE